LYONS, Justice
(concurring specially).
I agree that a new trial is required; however, I think it is necessary to point out the issues that must be retried. The trial court’s order states that there must be a new trial on the issue of compensatory damages based on the alleged negligence of the defendant Countrywide Home Loans, Inc. (C.R.2551.) Countrywide argues that this order requires a new trial on the issues of liability and damages on the plaintiffs’ negligence claim. (Appellee’s Brief, p. 58.) The plaintiffs, Eddie Mallard and Margaret Mallard, read that order literally and maintain that the only issue that must be retried is the amount of their compensatory damages. (Appellants’ Reply Brief, p. 44.)
The trial court’s order should not be read to require a new trial solely on the issue of compensatory damages, because to order a new trial only on that issue would violate Rule 59(a)(1), Ala. R. Civ. P. That rule authorizes a trial court to grant a new trial “on all of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of Alabama.” (Emphasis added.) As the Committee Comments to Rule 59 state, “[ujnder this rule, the trial court would not have the right to grant a new trial only on the issue of damages in a jury situation.” Accordingly, in any new trial the law requires that both the liability issue and the damages issue be retried.